# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAMIAN HALL,

    Petitioner,

vs.

MR. BACA, *et al.*,

    Respondents.

Case No. 3:14-cv-00613-RCJ-WGC

**ORDER**

    Following upon the notice (#7) of appearance by petitioner's counsel in this habeas matter,

    **IT IS ORDERED** that the Federal Public Defender's Office is appointed as counsel for petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B), with Melanie Gavisk, Esq., appearing as petitioner's counsel of record.

    **IT FURTHER IS ORDERED** that petitioner shall have until up to and including **one hundred twenty (120) days** from entry of this order within which to file an amended petition and/or seek other appropriate relief. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding as to the expiration of the federal limitation period and/or of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted herein. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the court makes no finding or representation that the petition, any amendments

thereto, and/or any claims contained therein are not subject to dismissal as untimely.  *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

**IT FURTHER IS ORDERED** that respondents shall file a response to the amended petition, including potentially by motion to dismiss, within sixty (60) days of service of the amended petition, with any requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the local rules.  **Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 4.**

**IT FURTHER IS ORDERED** that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss.  In other words, the court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss **not** in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT FURTHER IS ORDERED** that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT FURTHER IS ORDERED** that petitioner shall have **thirty (30) days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

**IT FURTHER IS ORDERED** that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number.  The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment.

Dated:  This 25th day of March, 2015.

_____
UNITED STATES DISTRICT JUDGE