UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAMIAN HALL,<br><br>                    Petitioner,<br>v.<br>MR. BACA, et al.,<br><br>                    Respondents. | Case No. 3:14-cv-00613-RCJ-WGC<br><br>ORDER |

This counseled, first-amended habeas petition under 28 U.S.C. § 2254 is before the court on respondents' motion to dismiss three out of four grounds that petitioner Damian Hall raises (ECF No. 17). Hall opposed (ECF No. 22), and respondents replied (ECF No. 23).

**I.     Procedural History and Background**

On February 3, 2010, the State charged Hall by way of criminal complaint with four counts of sexual assault with the use of a deadly weapon, one count of battery with intent to commit sexual assault, one count of battery with a deadly weapon, one count of domestic battery causing substantial bodily harm, one count of assault with a deadly weapon, and one count of false imprisonment (exhibit 2).[1]  After his jury trial had commenced, Hall entered a guilty plea to count 2:  sexual assault with the use of a deadly weapon and count 6:  battery with a deadly weapon. Exhs. 26, 27. The state district court sentenced him as follows:  count 2 – life with the possibility of parole after

---

[1] Unless otherwise noted, exhibits referenced in this order are exhibits to the first-amended petition, ECF No. 10, and are found at ECF Nos. 11-12.

1

ten years, with a consecutive term of 96 to 240 months for the deadly weapon enhancement; and count 6 - 48 to 120 months, consecutive to count 2. Exh. 34. Judgment of conviction was entered on April 25, 2011. Exh. 35. The Nevada Supreme Court affirmed Hall's conviction on January 12, 2012, and remittitur issued on February 6, 2012. Exhs. 42, 43.

Hall filed a pro per state postconviction petition for habeas corpus on March 2, 2012. Exh. 46. The state district court appointed counsel, and Hall filed a supplemental petition. Exh. 50. The Nevada Supreme Court affirmed the denial of the petition on June 12, 2014, and remittitur issued on July 9, 2014. Exh. 63.

Hall does not indicate on his federal habeas petition the date on which he dispatched it for filing, but he signed the petition on September 28, 2014 (ECF No. 5). This court appointed counsel, and Hall filed an amended petition on July 8, 2015 (ECF No. 10). Respondents now argue that three of the four grounds in the first-amended petition are unexhausted (ECF No. 17).

**II.     Legal Standard for Exhaustion**

State prisoners seeking federal habeas relief must comply with the exhaustion rule codified in § 2254(b)(1):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) The applicant has exhausted the remedies available in the court so the State; or
> (B) (i) there is an absence of available State corrective process; or
>    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The purpose of the exhaustion rule is to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal court, and to "protect the state courts' role in the enforcement of federal law." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains

2

unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

Respondents move to dismiss grounds 1, 2 and 4 as unexhausted (ECF No. 17).

### III.     Instant Petition

### Ground 1

Hall asserts that because he was incompetent he did not enter his guilty plea voluntarily, intelligently or knowingly, and the district court improperly refused to grant his motion to withdraw his guilty plea, in violation of his Fifth, Sixth, and Fourteenth Amendment rights (ECF No. 10, pp. 11-19).  Respondents argue that Hall only presented these factual allegations as state-law errors and that his citations to Nevada cases are insufficient to satisfy the fair presentation requirement (ECF No. 17, pp. 8-10).

When he raised these claims in his direct appeal, Hall did not expressly reference federal constitutional law.  However, in affirming Hall's conviction, the Nevada Supreme Court concluded that "the district court adequately reviewed the record and did not abuse its discretion by denying Hall's motion to withdraw his guilty plea" and cited to *Olivares v. State*, 195 P.3d 864 (Nev. 2008).  Exh. 42, p. 3.  In *Olivares*, the Nevada Supreme Court observed that "[t]he United States Constitution and the Nevada Constitution compel a district court to hold a formal competency hearing when there is 'substantial evidence' that the defendant may not be competent to stand trial."  195 P.3d at 868.  This court concludes that the Nevada Supreme Court's invocation of *Olivares* in its order of affirmance signifies that Hall fairly presented a federal due process claim on appeal.

Moreover, contrary to respondents' assertions, the factual allegations here are substantially similar to those presented to the Nevada Supreme Court.  Hall adds nothing here that fundamentally alters this claim and so as to render it unexhausted.

3

*See Vasquez v. Hillery*, 474 U.S. 254, 260 (1986); *Sivak v. Hardison*, 658 F.3d 898, 908 (9th Cir. 2011) (petitioner's claim remained the same notwithstanding "variations in the . . . factual allegations urged in its support" (quotation omitted)). Accordingly, the court determines that federal ground 1 is exhausted.

**Grounds 2 and 4**

In ground 2, Hall contends that the trial court deprived him of his right to effective and conflict-free counsel when it refused to appoint conflict-free counsel to litigate the motion to withdraw his guilty plea, in violation of his Fifth, Sixth, and Fourteenth Amendment rights (ECF No. 10, pp. 19-21). As ground 4, Hall claims that the trial court deprived him of his Fifth, Sixth, and Fourteenth Amendment rights by sentencing him when he was incompetent. *Id.* at 23-24. Having reviewed Hall's direct appeal, this court concludes that federal grounds 2 and 4 were fairly presented to the Nevada Supreme Court. Exh. 39; exh. 42. Accordingly, grounds 2 and 4 are exhausted. Further, the court rejects respondents' argument that ground 4 is conclusory as meritless.

**IV.   Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 17) is **DENIED** as set forth in this order.

**IT IS FURTHER ORDERED** that petitioner's unopposed motion for extension of time to oppose the motion to dismiss (ECF No. 21) is **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that respondents shall have **sixty (60) days** from the date this order is entered within which to file an answer to the first-amended petition.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

DATED: August 23, 2016

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE